IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

**Margaret Botkins**
**Clerk of Court**

*1:08 pm, 1/29/26*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case No.  25-CR-00071-SWS |
| GREGORY MCKNIGHT, | |
| Defendant, | |

### ORDER DENYING DEFENDANT'S MOTION FOR
### EARLY TERMINATION OF SUPERVISION

This matter comes before the Court on Defendant Gregory McKnight's Motion for Early Termination of Supervision. (ECF No. 2). Mr. McKnight's probation officer also submitted a notice that includes an update on his conduct and progress while under supervision. (ECF No. 4).  That report notes that both Defendant's probation officer and the U.S. Attorney's Office objects to Defendant's early release from supervision at this time. (*Id.* at 2).  Having examined the motion, reviewed the record herein, and considered the relevant factors set forth in 18 U.S.C. §§ 3583(e) and 3553(a), the Court finds the motion must be denied.

### BACKGROUND

In 2013, Defendant was sentenced to 188 months for wire fraud, followed by 3 years of supervised release. (ECF No 4 at 1). Defendant was also ordered, as a condition of

supervised release, not to incur any new credit charges or open additional lines of credit without his probation officer's approval. (*Id*. at 2). Defendant's term of supervised release commenced on December 20, 2024. (*Id.* at 1).

Defendant's probation officer notes that, Defendant without prior approval of his probation officer, Defendant opened or reactivated credit cards in March 2025 and November 2025. (*Id.* at 2.) After just over a year on supervision, Defendant seeks to terminate his supervised release. (ECF No. 2).

## DISCUSSION

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S. Rep. No. 98–225, at 124). Title 18 U.S.C. § 3583(e) gives the Court authority to terminate supervised release early. It provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

Considering the factors identified in §§ 3583(e) and 3553(a), the Court is not satisfied at this time that terminating Defendant's supervised release is warranted by his conduct and the interests of justice. According to Defendant and his probation officer, Defendant has not incurred any new arrests or criminal charges, he has regularly reported

to U.S. Probation, and he is currently being supervised on the low-risk caseload. (ECF No. 2 at 1-2; ECF No. 4 at 2). Defendant is a homeowner, has community connections, and, while not currently employed, he receives monthly income through VA disability, Social Security, and pension income, and he is currently on a payment plan whereby his monthly restitution payments are garnished from his Social Security, and he has paid over $10,000 to date in restitution. (ECF No. 2 at 2; ECF No. 4 at 1-2). These positive steps are encouraging.

That said, Defendant violated a condition of his supervised release on multiple occasions when he opened or reactivated credit cards without prior approval of his probation officer in March 2025 and November 2025. (ECF No. 4 at 2). The credit card opened in November currently has a balance of nearly $6,000, with the majority of the purchases related to online gaming and gambling. (*Id*.). Defendant's probation officer believes he could benefit from some continued supervision (*id.*), and the Court agrees.

In considering Defendant's conduct on supervision as well as the various factors under § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant," the Court finds Defendant has not eliminated the thinking difficulties that led to his crime. Consequently, continued supervision is of benefit to Defendant and termination of supervised release is not warranted at this time. Defendant should be proud of the positive steps he has taken to correct his prior behavior, and perhaps someday supervised release will have fulfilled all its rehabilitative purposes for him.  Such is not the case yet, though.

# ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Gregory McKnight's Motion for Early Termination of Supervision (ECF No. 2) is **DENIED**.

Dated this 29th day of January, 2026.

_____
Scott W. Skavdahl
United States District Judge