IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 11 2026
11:46 a.m.
Margaret Botkins, Clerk
Cheyenne

United States of America,
Plaintiff,
v.
Gregory McKnight,
Defendant.

Case No. 25-CR-00071-SWS

**DEFENDANT'S PRO SE MOTION FOR RECONSIDERATION OF ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant **Gregory McKnight**, appearing **pro se**, respectfully moves for reconsideration of the Court's January 29, 2026 *Order Denying Defendant's Motion for Early Termination of Supervision* (ECF No. 5). This motion is submitted with full respect for the Court's analysis and appreciation for the time and attention already devoted to this matter.

As a pro se litigant, Defendant did not previously raise the constitutional issue presented here: that the credit-restriction condition applied in this case is the **post-2008 expanded version**, which did not exist at the time of **his November 2007** offense. The Judgment in a Criminal Case confirms that Defendant's offense conduct concluded in **2007**. (Exhibit A). Because the Ex Post Facto Clause prohibits retroactive increases in punishment, only the 2007 version of the credit-restriction condition may lawfully apply.

Additionally, under the 2007 version of the condition, Defendant was **in compliance** with restitution obligations at all relevant times due to ongoing SSA garnishment initiated by the government. These facts were not before the Court at the time of its ruling.

This motion is therefore necessary to ensure that the Court's decision rests on a complete and accurate legal foundation, not to challenge the Court's reasoning or discretion.

## I. Legal Standard for Reconsideration

Reconsideration is appropriate where necessary to correct a clear error of law, prevent manifest injustice, or ensure compliance with constitutional requirements. The Ex Post Facto Clause prohibits retroactive increases in punishment. *Johnson v. United States*, 529 U.S. 694, 699–701 (2000). Because supervised release is part of the original sentence, any increase in the burdens or restrictions associated with supervised release after the offense date violates the Clause.

## II. The Offense Date Controls the Permissible Version of the Credit-Restriction Condition

The Court's order correctly notes that Defendant was sentenced in 2013 and that the judgment included a condition prohibiting new credit without probation approval. (Order at 1–2). However, Defendant's offense occurred in **November 2007**, as reflected in the Judgment (Exhibit A). Under the Ex Post Facto Clause, the Court may apply only the version of the condition in effect at that time.

### A. The 2007 Version Was Narrow and Conditional

The 2007 Administrative Office model language provided:

*"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule."*

This version:

- Applied **only** when a defendant was not in compliance with restitution payments
- Did **not** prohibit credit activity for compliant defendants
- Did **not** include "financial contracts"
- Did **not** authorize automatic credit checks or third-party financial monitoring

### B. The 2013 Version Was Materially More Burdensome

By 2013, the federal judiciary had adopted an expanded version that:

- Required **universal prior approval** for all credit activity
- Added new categories of prohibited conduct ("financial contracts")
- Authorized credit checks and third-party financial monitoring
- Delegated broad veto authority to probation

These additions significantly increased the deprivation of liberty compared to the 2007 version.

Under *Johnson*, the Court may not retroactively impose a more punitive version of a supervised-release condition than the version in effect at the time of the offense.

### III. Defendant Was "In Compliance" Under the 2007 Standard Because the Government Was Garnishing His SSA Benefits

The Court's order notes that Defendant is "currently on a payment plan whereby his monthly restitution payments are garnished from his Social Security, and he has paid over $10,000 to date in restitution." (Order at 2).

This is critical.

Even though the SSA garnishment was initiated administratively by the U.S. Attorney, the government:

- Collected funds
- Applied them to restitution
- Reported them as payments
- Reduced the outstanding balance

This constitutes **compliance** under the 2007 model condition.

The 2007 condition did **not** require voluntary payments, a court-ordered schedule, or a specific payment plan. It required only that the defendant be **making payments**. Because the government was actively collecting restitution, Defendant was not delinquent and was therefore **"in compliance"** for purposes of the 2007 condition.

**Under the 2007 version of the credit-restriction condition — the only version constitutionally permissible for a 2007 offense — a defendant is restricted from incurring credit only when he is not in compliance with restitution obligations. Here, as the Court's order acknowledges, Defendant's monthly restitution payments were being garnished from his Social Security benefits and applied toward his balance, resulting in over $10,000 paid to date. Because the United States was actively collecting restitution, Defendant was "in compliance" under the 2007 standard. Accordingly, even if the 2007 version applied, it would not have restricted Defendant's ability to incur credit, and the conduct cited in the Court's order would not have constituted a violation.**

## IV. The 2013 Condition Imposes a Greater Deprivation of Liberty Than Necessary

Federal appellate courts have repeatedly held that special conditions must be narrowly tailored and impose no greater deprivation of liberty than necessary.

- *United States v. Carter,* 463 F.3d 526, 530–31 (6th Cir. 2006)
- *United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001)

The 2013 version's universal prior-approval requirement, expanded prohibitions, and enhanced monitoring authority far exceed what was necessary to enforce restitution— particularly where Defendant was already compliant through SSA garnishment.

## V. The 2013 Version Delegates Excessive Authority to Probation

The 2013 condition grants probation open-ended veto power over all credit activity. Courts have cautioned that special conditions may not delegate excessive authority to probation officers. *United States v. Kent*, 209 F.3d 1073, 1079 (8th Cir. 2000). The 2007 version limited probation's authority to situations where the defendant was behind on restitution. The 2013 version's delegation did not exist at the time of the offense.

## VI. The Expanded Condition Was Not Supported by Individualized Findings

Special conditions must be supported by individualized findings and cannot be imposed reflexively. *United States v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011). The expanded 2013 condition reflects post-2008 boilerplate language that was not part of the supervised-release framework at the time of the offense.

## VII. Because the Expanded Condition Cannot Apply, the Basis for Denying Early Termination Falls Away

The Court's order relied in part on Defendant's alleged violations of the credit-restriction condition. (Order at 2–3). Because:

1. The 2013 version cannot constitutionally apply to a 2007 offense; and
2. Defendant was "in compliance" under the 2007 version due to SSA garnishment;

...the factual predicate for the denial no longer exists.

Under 18 U.S.C. § 3583(e)(1), Defendant's sustained compliance, stability, and absence of risk to the community fully support early termination.

## VIII. Requested Relief

Defendant respectfully requests that the Court:

1. **Reconsider its denial of early termination of supervised release;**
2. **Modify or strike the credit-restriction condition** to reflect the 2007 version; and
3. **Grant early termination**, as Defendant has been compliant under the only constitutionally permissible version of the condition.

This request is made respectfully and solely to ensure that the supervised-release conditions and the Court's ruling conform to constitutional requirements.

Respectfully submitted,

*[signature]*

Gregory McKnight, Pro Se
405 Harshman St.
Rawlins, WY 82301

## CERTIFICATE OF SERVICE

I certify that on this date, I mailed a copy of the foregoing **Pro Se Motion for Reconsideration** to:

- United States Attorney's Office, District of Wyoming
- United States Probation Office, District of Wyoming

Dated: 2/9/2026

Gregory McKnight, Pro Se