Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY  82602-5010
307-261-5434 (phone)
307-261-5471 (fax)
christyne.martens@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>GREGORY MCKNIGHT<br>              Defendant. | Criminal No. 25-CR-71-S |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION

On February 11, 2026, the defendant, Gregory McKnight, filed a motion asking this court to reconsider its earlier denial of his *pro se* motion to terminate his term of supervised release. (Doc. 6). This court should similarly deny McKnight's motion to reconsider because it amounts to an improper attack on a condition of his supervised release.

I.  **Factual and Procedural Background**

McKnight was charged in the Eastern District of Michigan with wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1-1 at 9-10). McKnight's wire fraud scheme involved the use of a fraudulent pooled investment program, which included a website, that promised investors that he would invest their money and pay them monthly profits. (*Id*. at 8). But it was really a Ponzi scheme.

(*Id*.). Using this scheme, McKnight raised approximately $72 million dollars from about 3,000 people using interstate wire transfers. (*Id*. at 8).

McKnight pleaded guilty to this charge. (*Id*. at 12). The District Court for the Eastern District of Michigan sentenced him to 188 months of imprisonment to be followed by 3 years of supervised release and imposed the condition of supervised release currently at issue here. (*Id*. at 13, 16). That condition provides that the "defendant shall not incur any new credit charges or open additional lines of credit without approval of the probation officer." (*Id*. at 16). McKnight appealed. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 18). However, his counsel filed an *Anders* brief, asserting that there were no appealable issues. (Attach. 1 at 2). *Pro se*, he asserted several issues, but none of them had to do with his conditions of supervised release. (*Id*.). Finding no error, the Sixth Circuit Court of Appeals affirmed. (*Id*. at 4).

McKnight then sought relief under 28 U.S.C. § 2255. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 31). In denying his motion, the district court noted that McKnight had waived his right to appeal his conviction and sentence, either directly or by collateral attack. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 44 at 1). The court also examined each of his *pro se* claims, none of which attacked the condition of supervised release at issue here. (*See generally id.*). Undeterred, McKnight sought compassionate release and sentence reductions until his sentence was ultimately reduced and set to expire on December 22, 2024 through a grant of executive clemency. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 63). Notably, that grant of clemency left "intact and in effect for each named person the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (*Id*. at 1).

McKnight's supervision was transferred to the District of Wyoming. (Doc. 1). Then, on December 22, 2025, he asked this court to terminate his term of supervised release early. (Doc. 2).

This court denied his motion. (Doc. 5). In doing so, it noted that McKnight had opened a new line of credit without his probation officer's approval, which he appears to have used to gamble online and accrue nearly $6,000 in debt. (*Id*. at 2-3). While the court recognized McKnight's positive steps while on supervision, it held that he would benefit from continued supervision. (*Id*. at 3).

Now, McKnight asserts that this court should reconsider its holding. (Doc. 6). He asserts that there are a variety of legal issues with his current condition of supervised release. (*Id*.). Instead of the language of the condition imposed on him, he asserts that he should have been held to the 2007 model language of a condition limiting credit usage rather than the condition in his judgment. (*Id*.).

II.    **McKnight cannot challenge his conditions of supervised release.**

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 539. "But a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Warren*, 22 F.4th 917, 927 (2022). "Thus, such motions should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.*

In its original denial, this court did not misapprehend the facts, the party's position, or the law. Nor has there been any change in any of the circumstances. Instead, McKnight's motion is an improper attempt to challenge a long-final component of his sentence.

While *pro se* pleadings should be construed liberally, courts should not fashion a defendant's argument for him or assume the role of advocate. *Trackwell v. United States*, 472 F.3d

1242, 1243 (10th Cir. 2007); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008). His various challenges seem grounded in a fundamental misunderstanding of the "model language" from 2007. He seems to assert that there was some force to that language as if it were law. But it was not. It was only model language meant to help courts draft supervised release terms for criminal judgments. Therefore, it was meaningless until it was adopted in a criminal judgment at the time of an individual defendant's sentencing. Here, McKnight's sentencing court made the perfectly reasonable choice not to adopt the model language and instead craft a broader condition. While McKnight may be dissatisfied with that choice, he cannot challenge that use of sentencing discretion now.

The typical way to challenge an improper condition of supervised release is by an appeal or a collateral attack under 28 U.S.C. § 2255. *United States v. Nielsen*, No. 21-8087, ---F.4th----, 2022 WL 3226309, at *5 & n.6 (10th Cir. Aug. 10, 2022). This is because "[t]he orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *Id*. at *6 (quoting *Maness v. Meyers*, 419 U.S. 449, 459 (1975)). Here, McKnight appealed and sought relief under § 2255 without ever challenging his conditions of supervised release. Having bypassed those opportunities, he cannot do so now.

**DATED** this 24th day of February, 2026.

                Respectfully submitted,

                DARIN D. SMITH
                United States Attorney

By:   */s/ Christyne M. Martens*
       CHRISTYNE M. MARTENS
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on the 24th day of February, 2026, I served a true and correct copy of the foregoing **United States' Response in Opposition to Defendant's Motion for Sentence Reduction** was served upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Gregory McKnight  #46755-039**
405 Harshman Street
Rawlins, WY 82301

                                    */s/ Heidi Mason*
                                    UNITED STATES ATTORNEY'S OFFICE