FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 MAR -3 PM 1: 39

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

United States of America,
Plaintiff,

v.

Gregory McKnight,
Defendant.

Case No. 25-CR-00071-SWS

February 28, 2026

**DEFENDANT'S REPLY AND REQUEST FOR APPOINTMENT OF COUNSEL**

Defendant respectfully submits this reply to address the issues raised in the United States' response and to request appointment of counsel under the **Criminal Justice Act** before the Court rules further. The government's filing confirms that the Court's prior denial of early termination rested on two financial-compliance conditions—the credit-restriction condition and the financial-monitoring condition—whose only articulated purpose is enforcement of restitution. Because the validity of the defendant's restitution order presents a substantial constitutional question under *Ellingburg v. United States, 602 U.S. ___ (2026)*, the supervised-release issue cannot be resolved without counsel.

**I. The Government's Response Confirms That the Court's Ruling Relied on Restitution-Enforcement Conditions**

The United States emphasizes that the defendant allegedly opened a new line of credit and that continued supervision would "benefit" him. Both the credit-restriction condition and the financial-monitoring condition exist solely to enforce restitution obligations. Neither condition is tied to public safety, deterrence, or rehabilitation. The government's focus on these conditions underscores that the Court's prior ruling depended on the assumption that restitution enforcement remains a valid sentencing purpose.

That assumption cannot be evaluated without first determining whether the defendant's restitution order is constitutionally valid after *Ellingburg*.

## II. The Defendant's Restitution Order Is Constitutionally Defective Under *Ellingburg*

The defendant does not contend that restitution is unconstitutional in general. He contends that his restitution order is unconstitutional as applied because it was imposed:

- without jury-found facts,
- without judicial findings on loss,
- without adversarial testing, and
- based entirely on civil receivership determinations rather than evidence presented in the criminal case.

*Ellingburg* holds that restitution is **criminal punishment** and must be imposed in compliance with the U.S. Constitution. The defendant never admitted any loss amount, no jury found any loss amount, and the sentencing court adopted civil receivership figures wholesale. This is precisely the structural defect *Ellingburg* prohibits.

## III. If the Defendant's Restitution Is Constitutionally Defective, the Financial-Compliance Conditions Become Moot

Because the credit-restriction and financial-monitoring conditions exist solely to enforce restitution, they cannot serve as a lawful basis for continued supervision if the defendant's restitution order is unconstitutional. A supervised-release condition must be reasonably related to a valid sentencing purpose and impose no greater deprivation of liberty than necessary. If the defendant's restitution is invalid under Ellingburg, then there is no valid sentencing purpose for either condition.

The supervised-release analysis under **18 U.S.C. § 3583(e)(1)** therefore cannot proceed until the constitutional status of the defendant's restitution order is resolved.

## IV. The Constitutional Issue Is Substantial and Cannot Be Litigated Pro Se

The government's response does not address *Ellingburg* or the constitutional status of the defendant's restitution order. Its silence highlights the complexity and seriousness of the issue. The restitution question involves:

- **constitutional requirements under *Ellingburg*,**
- **the Mandatory Victims Restitution Act,**
- **the prior civil receivership, and**
- **the specific sentencing record in this case.**

No court expects a pro se litigant to brief and litigate such issues. Because the supervised-release determination cannot be made without resolving the restitution question, and because the restitution question cannot be resolved without counsel, appointment under the **Criminal Justice Act** is necessary.

## V. Requested Relief

The defendant respectfully requests that the Court:

1. **Appoint counsel under the Criminal Justice Act to address the substantial constitutional questions concerning the validity of the defendant's restitution order under *Ellingburg*;**
2. **Hold the motion for reconsideration in abeyance pending counsel's appointment and further briefing; and**
3. **Defer ruling on supervised release until the constitutionality of the defendant's restitution order is resolved, because the financial-compliance conditions relied upon by the Court cannot be evaluated without first determining whether restitution remains a valid sentencing purpose.**

**Respectfully submitted,**

**Gregory McKnight; Pro Se
405 Harshman Street
Rawlins, WY 82301**

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of _____, 2026, I placed a true and correct copy of the foregoing in the United States Mail, first-class postage prepaid, addressed to:

**United States Attorney's Office**
**District of Wyoming**
**2120 Capitol Avenue, Suite 4000**
**Cheyenne, WY 82001**

This constitutes service under Fed. R. Crim. P. 49.

**/s/ Gregory McKnight**
**Gregory McKnight, Pro Se**
**405 Harshman Street**
**Rawlins, WY 82301**

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

CHEYENNE WY  820

2 MAR 2026  AM 1  L



**Clerk of Court**
**U.S. District Court for the District of Wyoming**
**2120 Capitol Avenue, Room 2131**
**Cheyenne, WY 82001**

82001-365831