IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

**3:56 pm, 3/9/26**

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>GREGORY MCKNIGHT,<br><br>Defendant, | Case No.  25-CR-00071-SWS |

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Defendant Gregory McKnight's Motion for Reconsideration and Request for Appointment of Counsel. (ECF No. 6, 8). Defendant asks this Court to appoint him counsel (ECF No. 8) and to reconsider its decision denying Defendant's Motion for Early Termination of Supervision. (ECF No. 5). In that order, after considering the positions of Defendant (ECF No. 2), his probation officer (ECF No. 4), and the U.S. Attorney's Office (*Id.* at 2), this Court denied Defendant's motion for early termination. (ECF No. 5 at 4). Having considered the record, Defendant's motion, the government's response (ECF No. 7), Defendant's reply (ECF No. 8), and being otherwise fully advised, for the reasons that follow, Defendant's Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel (ECF No. 8) must be denied.

## BACKGROUND

In 2013, Defendant was sentenced in the Eastern District of Michigan to 188 months followed by 3 years of supervised release for wire fraud in connection with a Ponzi scheme. (ECF No 4 at 1; ECF No. 7 at 1). Defendant was also ordered, as a condition of supervised release, not to incur any new credit charges or open additional lines of credit without his probation officer's approval. (*Id*. at 2; ECF No. 16 at 5, *USA v. McKnight*, No. 12-cr-20101 (E.D. Mich. 2013) (the "E.D. Mich. Docket"). Defendant incurred a grant of executive clemency which left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (ECF No. 7 at 2). Defendant's term of supervised release commenced on December 20, 2024. (*Id.* at 1).

In 2025, jurisdiction over Defendant's supervision was transferred to the District of Wyoming. (ECF No. 65, E.D. Mich. Docket; ECF No. 7 at 2). Defendant's probation officer noted that, without prior approval of his probation officer, Defendant opened or reactivated credit cards in March 2025 and November 2025. (ECF No. 4 at 2.) After just over a year on supervised release, Defendant filed a Motion to terminate his supervised release (ECF No. 2), which was denied by this Court. (ECF No. 5). Thereafter, Defendant filed this Motion for Reconsideration and Request for Appointment of Counsel. (ECF No. 6, 8).

I.     **Motion for Reconsideration**

**LEGAL STANDARD**

The Tenth Circuit has discussed motions for reconsideration in the context of criminal cases:

> Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, "motions to reconsider in criminal prosecutions are proper." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). The Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*, 376 U.S. 75, 77–78, (1964) . . . we have recognized that criminal defendants may also move for reconsideration. *See United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989).

*United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011).

Relief under a motion for reconsideration in a criminal setting is discretionary. *See United States v. Barajas–Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004) (noting that appellate review of a court's disposition of a motion for reconsideration under criminal procedure is for an "abuse of discretion"). Yet, "when the court has misapprehended the facts, a party's position, or the law," a district court may grant a motion for reconsideration. *United States v. Lewis*, 432 F. Supp. 3d 1237, 1267-68 (D. N.M. 2020) (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Reconsideration may be granted on the following bases: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Motions to reconsider "should not be used to revisit issues already

addressed or advance arguments that could have been raised earlier." *Id*. (quoting *Christy*, 739 F.3d at 539).

## DISCUSSION

Mr. McKnight's arguments can only be construed under the bases of a need to correct clear error or prevent manifest injustice. He argues that a "constitutional issue" warrants reconsideration of this Court's order. (ECF No. 6 at 1). Defendant cites *Johnson v. United States* and argues that "the credit-restriction condition applied in this case is the post-2008 expanded version,[1] which did not exist at the time of his November 2007 offense." (*Id*. at 1); 529 U.S. 699-701 (2000). Accordingly, Defendant argues "the ex post facto clause prohibits retroactive increases in punishment" and therefore "only the 2007 version[2] of the credit-restriction condition may lawfully apply." (*Id.*) Defendant is mistaken.

As an initial matter, Defendant's motion must be denied because he could have made this argument earlier. *Christy*, 739 F.3d at 539. The judgment containing Defendant's supervised release conditions was filed on August 7, 2013. (ECF No. 16, E.D. Mich. Docket). In the intervening years, Mr. McKnight has appealed his case to the Sixth Circuit, (ECF No. 18, E.D. Mich. Docket), and has filed a § 2255 motion, (ECF No. 31, E.D. Mich. Docket), a motion for compassionate release, (ECF No. 45, E.D. Mich. Docket), a motion

---

[1] The condition of supervised release that applies to Defendant and was listed in his judgment was "[t]he defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer." (ECF No. 16 at 5, E.D. Mich. Docket).

[2] Defendant alleges that the 2007 version of the condition was "The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule." (ECF No. 6 at 3).

for retroactive application of sentencing guidelines, (ECF No. 58, E.D. Mich. Docket), and a motion for early termination of supervised release, (ECF No. 2). None of those motions raised the argument that Defendant now brings before this Court. And the proper vehicle to assert such arguments was either in his appeal or his § 2255 motion. *United States v. Nielsen*, No. 21-8087, 2022 WL 3226309, at *5, n.6 (10th Cir. Aug. 10, 2022). Having failed to raise this argument at an earlier time and through a proper request, Defendant's motion must be denied.

Defendant's motion must also be denied on the merits. The Tenth Circuit has stated that District Courts have "broad discretion in setting a condition of supervised release." *United States v. Begay*, 631 F.3d 1168, 1174 (10th Cir. 2011) (quoting *United States v. Edain*, 92 F.3dd 1044, 1048 (10th Cir. 1996)). In fact, the Tenth Circuit allows a district court to modify conditions of supervised release at any time, even after such conditions have been imposed, if the new conditions meet certain requirements. *Id.* (quoting 18 U.S.C. 3583(e)(2)). And as the Government rightfully points out in their filing, the 2007 language Defendant points to "was only model language meant to help courts draft supervised release terms . . . [t]herefore, it was meaningless until . . . adopted in a criminal judgment . . . [h]ere, McKnight's sentencing court made the perfectly reasonable choice not to adopt the model language and instead craft a broader condition." (ECF No. 7 at 4). This broader conditions is certainly reasonable given the underlying offense.

Even so, Article I, § 10, of the Constitution prohibits a state from passing an ex-post facto law. *Ca. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). "[T]he Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for

criminal acts.'" (*Id*. (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990))). Moreover, "the Ex Post Facto Clause does not preclude . . . reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." *Smith v. Doe*, 538 U.S. 84, 103 (2003).

According to the U.S. Supreme Court:

> The heart of the Ex Post Facto Clause, U.S. Const., Art. I, § 9, bars application of a law "that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed ...." *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798) (emphasis deleted). To prevail on this sort of ex post facto claim, [Defendant] must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 506–507, n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

*Johnson v. United States*, 529 U.S. 694, 699 (2000).

Contrary to Defendant's argument, the change from the 2007 version to the 2013 version does not "raise[] the penalty from whatever the law provided when he acted." *Id*. Rather, the change from the 2007 to the 2013 condition is a mere "legislative adjustment" that does not affect Defendant's penalty. To be sure, the U.S. Supreme Court has explicitly rejected Defendant's argument. *See Calf. Dep't of Corr. v. Morales*, 514 U.S. 499, 508 ("[Defendant] nonetheless urges us to hold that the Ex Post Facto Clause forbids any legislative change that has any conceivable risk of affecting a prisoner's punishment . . .[o]ur cases have never accepted this expansive view of the Ex Post Facto Clause, and we will not endorse it here.") Rather, permissible "legislative adjustments" create "only the most speculative and attenuated possibility of producing the prohibited effect of increasing

the measure of punishment . . . and such conjectural effects are insufficient under any threshold we might establish under the Ex Post Facto Clause." *Id*. at 509.

Defendant fails to articulate any evidence that the 2013 condition of supervised release raises his penalty and instead states general speculations and conclusions that the 2013 version of is more burdensome and more punitive. (ECF No. 6 at 3). But speculation is insufficient to invalidate this condition of supervised release under the ex-post facto clause. *Id*. at 509. There is no ex-post facto clause violation here.

### I.     Motion for Appointment of Counsel

Defendant argues anew in his latest filing (ECF No. 8) that he requires counsel "because the validity of defendant's restitution order presents a substantial constitutional question" and thus "the supervised-release issue cannot be resolved without counsel." Defendant is again mistaken. As an initial matter, and as explained above, this Court will not entertain Defendant raising new constitutional concerns with his case at this stage under the guise of a request for counsel when such arguments could have been raised in earlier motions or on appeal.

As to Defendant's request for counsel, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKlineBeecham Corp*, 393 F.3d 1111, 1115 (10th Cir. 2004). Beyond direct appeal, a criminal defendant has no constitutional right to appointment of counsel. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Accordingly, Defendant has no constitutional right to counsel here. This Court, acting in its discretion, declines to grant

Defendant counsel because he has not demonstrated a compelling need for appointed counsel. This is not a circumstance "where the lack of counsel results in fundamental unfairness." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Gregory McKnight's Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel (ECF No. 8) are **DENIED**.

Dated this 9th day of March, 2026.

_____
Scott W. Skavdahl
United States District Judge